

**FILED**
6/9/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

VIVIANNA LOPEZ,
    also known as "Mia Flores,"
VALERIE GAYTAN,
    also known as "Olivia Flores,"
ARMANDO FLORES,
LAURA LOPEZ, and
BIANCA FINNIGAN

Case No. **1:21-CR-00371**

Violations: Title 18, United States
Code, Sections 1956(a)(1)(B)(i), 1957,
and 1956(h)

**UNDER SEAL**

JUDGE SHAH
MAGISTRATE JUDGE FINNEGAN

## COUNT ONE

The SPECIAL APRIL 2021 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Individual A and Individual B were brothers who, prior to December 2008, were involved in the importation of controlled substances from Mexico into the United States, and the distribution of controlled substances in Chicago, Illinois, and elsewhere, which drug trafficking activity generated hundreds of millions of dollars of cash drug proceeds. In approximately December 2008, Individual A and Individual B surrendered to the custody of the United States government.

    b.    VIVIANNA LOPEZ was a resident of State A and the wife of Individual A.

    c.    VALERIE GAYTAN was a resident of State B and the wife of Individual B.

d.      ARMANDO FLORES was a resident of Texas and the brother of Individual A and Individual B.

e.      LAURA LOPEZ was a resident of Illinois and the aunt of VIVIANNA LOPEZ and BIANCA FINNIGAN.

f.      BIANCA FINNIGAN was a resident of Illinois and the sister of VIVIANNA LOPEZ.

2.      Beginning no later than in or about December 2008, and continuing until at least on or about March 11, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores,"
VALERIE GAYTAN,
also known as "Olivia Flores,"
ARMANDO FLORES,
LAURA LOPEZ, and
BIANCA FINNIGAN,

defendants herein, did conspire with each other, and others known and unknown to the Grand Jury, to commit an offense in violation of Title 18, United States Code, Sections 1956 and 1957, that is, (1) to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting

2

and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and (2) to knowingly engage in a monetary transaction in and affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, in violation of Title 18, United States Code, Section 1957.

3.  It was part of the conspiracy that, after the surrender of Individual A and Individual B to the United States government in or about December 2008, VIVIANNA LOPEZ, VALERIE GAYTAN, ARMANDO FLORES, LAURA LOPEZ, BIANCA FINNIGAN, and others agreed to and did maintain, and cause to be maintained, drug proceeds at multiple locations to be used, and used, for their own benefit and the benefit of Individual A, Individual B, and Individual A and B's family members and associates.

4.  It was further part of the conspiracy that LAURA LOPEZ stored a portion of the drug proceeds at her residence in Chicago, Illinois, and disbursed the drug proceeds for the benefit of VIVIANNA LOPEZ, Individual A, and Individual A's family members and associates.

5.  It was further part of the conspiracy that ARMANDO FLORES stored drug proceeds at his residence in Round Rock, Texas, and disbursed the drug proceeds

for the benefit of VALERIE GAYTAN, Individual B, and Individual B's family members and associates.

6.     It was further part of the conspiracy that, in order to disburse the drug proceeds, VIVIANNA LOPEZ, VALERIE GAYTAN, ARMANDO FLORES, LAURA LOPEZ, and BIANCA FINNIGAN conducted, and caused to be conducted, financial transactions that defendants knew were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the cash drug proceeds, including:

     a.     VIVIANNA LOPEZ, VALERIE GAYTAN, LAURA LOPEZ, and ARMANDO FLORES transferred, and caused to be transferred, cash drug proceeds by U.S. Priority Express mail;

     b.     VIVIANNA LOPEZ and LAURA LOPEZ purchased, and caused to be purchased, using cash drug proceeds, money orders and gift cards, which they later transferred and negotiated, and caused to be transferred and negotiated;

     c.     VIVIANNA LOPEZ, VALERIE GAYTAN, ARMANDO FLORES, and LAURA LOPEZ purchased, and caused to be purchased, air travel and accommodations with drug proceeds and through travel agencies;

     d.     VALERIE GAYTAN and ARMANDO FLORES exchanged, and caused to be exchanged, older, lower denomination cash drug proceeds for newer, higher denomination U.S. currency through a currency exchange;

4

e.      VIVIANNA LOPEZ, LAURA LOPEZ, and BIANCA FINNIGAN purchased, and caused to be purchased, goods and services using a credit card held in the name of Individual C, with the balance due on that credit card paid down, and intended to be paid down, using drug proceeds that had been transferred to BIANCA FINNIGAN and deposited into BIANCA FINNIGAN's bank accounts; and

f.      VIVIANNA LOPEZ and LAURA LOPEZ purchased, and caused to be purchased, goods and services using a credit card held in the name of VIVIANNA LOPEZ, with the balance on that credit card paid down using drug proceeds that had been deposited into LAURA LOPEZ's bank account.

7.      It was further part of the conspiracy that VIVIANNA LOPEZ, VALERIE GAYTAN, ARMANDO FLORES, LAURA LOPEZ, and BIANCA FINNIGAN, by knowingly conducting, and causing to be conducted, financial transactions designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds, disbursed, and caused to be disbursed, drug proceeds to VIVIANNA LOPEZ, VALERIE GAYTAN, Individual A, Individual B, and Individual A and B's family members and associates, for their use and benefit, including:

a.      at least a total of approximately $15,500 transferred to VIVIANNA LOPEZ by U.S. Priority Express Mail on or about September 25, 2019, October 15, 2019, and January 27, 2020;

b.      at least a total of approximately $39,000 transferred to VALERIE GAYTAN by U.S. Priority Express Mail on or about September 16, 2019, December 9, 2019, and January 13, 2020;

c.      at least approximately $5,000 transferred to the U.S. Bureau of Prisons for the benefit of Individual A while incarcerated;

d.      at least approximately $5,500 transferred to the U.S. Bureau of Prisons for the benefit of other incarcerated individuals;

e.      at least approximately $99,780.98 paid to travel agencies for the international and domestic travel of VIVIANNA LOPEZ, VALERIE GAYTAN, and their family members and associates, including approximately $10,307.43 paid to Travel Agency A on or about June 11, 2019;

f.      at least approximately $165,558.50 paid to private schools attended by the children of VIVIANNA LOPEZ, VALERIE GAYTAN, Individual A, and Individual B;

g.      at least approximately $11,000 paid as child support for Individual A's child;

h.      at least approximately $6,000 paid on VIVIANNA LOPEZ's student loans;

i.      at least approximately $30,099.51 paid for investments and expenses for VIVIANNA LOPEZ's laundry businesses;

j.     at least approximately $81,700 paid for VIVIANNA LOPEZ's residential rent;

k.     at least approximately $3,141 paid for an exercise bicycle system for VIVIANNA LOPEZ;

l.     at least approximately $43,831.43 paid on credit card balances for VIVIANNA LOPEZ; and

m.     at least approximately $10,882.69 paid on a vehicle loan for VIVIANNA LOPEZ.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about May 15, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,<br>
also known as "Mia Flores," and<br>
LAURA LOPEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the purchase of a purse for approximately $1,864 in United States currency, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT THREE**

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about June 11, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores,"
VALERIE GAYTAN,
also known as "Olivia Flores," and
LAURA LOPEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the purchase of airfare for approximately $10,307.43 in United States currency, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about June 11, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores,"
VALERIE GAYTAN,
also known as "Olivia Flores," and
LAURA LOPEZ,

defendants herein, did knowingly engage in a monetary transaction in and affecting interstate commerce in criminally derived property of a value greater than $10,000, that is the purchase of airfare for approximately $10,307.43 in United States Currency, such property having been derived from a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FIVE

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about September 25, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores," and
LAURA LOPEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $5,000 in United States currency and a $500 gift card, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about October 15, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores," and
LAURA LOPEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $5,000 in United States currency, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SEVEN

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about January 27, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores," and
LAURA LOPEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $5,000 in United States currency, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

13

## COUNT EIGHT

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about February 25, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores," and
LAURA LOPEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $2,000 in United States currency and $2,546 in money orders, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

14

## COUNT NINE

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about March 6, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

VIVIANNA LOPEZ,
also known as "Mia Flores,"
LAURA LOPEZ, and
BIANCA FINNIGAN,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the purchase of an exercise bicycle system for approximately $3,141 in United States currency, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

15

## **FORFEITURE ALLEGATION**

The SPECIAL APRIL 2021 GRAND JURY further alleges:

1.　Upon conviction of an offense in violation of Title 18 United States Code, Sections 1956 and 1957, as set forth in this Indictment, defendants VIVIANNA LOPEZ, also known as "Mia Flores," and VALERIE GAYTAN, also known as "Olivia Flores," shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2.　The property to be forfeited includes, but is not limited to:

　　a.　a personal money judgment in the amount of approximately $504,858.11.

3.　If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p) and Title 18, United States Code, Section 982(b)(2).

16

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Erika L. Csicsila for the
UNITED STATES ATTORNEY

17