UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

VIVIANNA LOPEZ, et al.

No. 21 CR 371

Judge Matthew F. Kennelly

## DEFENDANT VIVIANNA LOPEZ'S RESPONSE TO THE GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY

A good place to start is where the parties agree: Defendant VIVIANNA LOPEZ, by TDC LAW OFFICE and its attorney, MIANGEL C. CODY, agrees that some protective measures are appropriate and ought to govern discovery in this case. Defendant's interest is in defending herself, as the Constitution allows. She has no interest in the unfettered or unprotected dissemination of sensitive information. Although Defendant does not object to the government's motion for a protective order, she does object to the proposed order that the government has tendered to the Court. The government's proposed protective order is problematic because (A) it is overly broad and (B) it unduly compromises Ms. Lopez's ability to prepare a defense. For these reasons, Defendant asks that the Court enter the protective order that is attached as Exhibit A to this Response, as it strikes a fair balance between the needs of the defense and the protection of third parties.

1

## I.  ARGUMENT

**A.      The Government's proposed protective order is overly broad.**

According to its motion, the government seeks an order to protect "sensitive information [ ] whose unrestricted dissemination could adversely affect law enforcement interests and the privacy interests of third parties." ECF No. 37.  Such categories of sensitive information include "materials containing taxpayer information obtained from the Internal Revenue Service" and "financial information of one or more persons other than the defendant to whom the information is disclosed." (See Gov't Proposed Protective Order tendered to Chambers, attached hereto as Exh. B).   If the government *only* sought to restrict sensitive information, then there would be no dispute among the parties. To be sure, Ms. Lopez readily agrees that private and sensitive information exchanged in discovery should be protected. However, the government's proposed order goes far beyond protecting private and sensitive information. Indeed, the government asks this Court to restrict defendant's use of *all discovery,* regardless of whether it contains sensitive information. The first paragraph of the government's proposed order states:

> "*All of the materials* provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order . . ."

(Ex. B at para. 1.) The government's proposed order is not limited to sensitive information where there is a legitimate basis for protection. Rather, it encompasses all discovery in this case, even discovery containing no sensitive information that merits protection.

2

A court in this district has already rejected a similar request from the government for a cart blanche protective order. In *United States v. Turner*, No. 11cr663, Magistrate Judge Cox denied a portion of the government's motion because it was overbroad, concluding:

> "There simply is no authority for the proposition that the government may limit the use of discovery materials by the defense under the Federal Rules of Criminal Procedure without a specific review of the materials to determine whether the limitations are warranted."

Doc. No. 21.

Ms. Lopez responds that the Court should not enter an all-encompassing protective order. Rather, the Court's order should protect only the sensitive and private information for which (admittedly) the government has established a particularized need for protection. Ms. Lopez's proposed order, which is attached as Exhibit A, strikes this fair balance.

### B. The government's proposed protective order unduly compromises Ms. Lopez's ability to prepare a defense.

Ms. Lopez also objects because the government's proposed order is unduly burdensome. First, she objects to the provision requiring all notes and records created by the defense to be treated *exactly the same* as materials supplied by the government. Paragraph 6 of the government's proposed order states:

> "Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials."

3

This proposed provision interferes with the defense's right to prepare a defense and counsel's ability to create work-product. Furthermore, given the overly broad nature of the order itself, this provision even applies to work-product pertaining to nonsensitive information. The government's proposed order unnecessarily cripples the defense's investigation even as to matters that exceed the scope of sensitive information.

Second, Paragraph 7 requires defense counsel to provide all authorized persons with a copy of the protective order. Doing so exposes not only defense counsel but also staff, potential witnesses, and expert witnesses to possible sanctions for failing to comply with the order. The undue threat of sanctions would have a potentially chilling effect on defense counsel's ability to represent the defendant vigorously. (Ex. B at para. 7.) Potential witnesses might understandably hesitate before beginning any substantive conversation with defense counsel if the first topic is a warning that doing so potentially exposes them to sanctions.

Third, Paragraph 9 of the government's proposed order contains a general clawback provision regarding "any material" produced to the defense by mistake. (Ex. B at para. 9.) Again, the government asks the Court to order clawback of more than inadvertently produced *sensitive information*. It seeks an order that allows clawback of *any* material that the Government unilaterally deems to be inadvertently produced, regardless of whether the material contains sensitive information. Such a broad clawback provision exceeds the purposes of a protective order and Rule 16.

4

## II. CONCLUSION

Undersigned counsel understands that the defense counsel in this district routinely agrees to the government's standard protective order. However, the Federal Rules pertaining to protective orders require more than what is merely customary. The government has not carried its burden of establishing why *all* discovery in this case should be subjected to the stringent conditions it proposes.

Although the defense does not oppose the government's motion for a protective order in principle, we do oppose the government's proposed order as overly broad and unduly burdensome. Ms. Lopez respectfully submits an alternative protective order that strikes a fair balance between the needs of the defense and the protection of sensitive information. For the reasons stated herein, Ms. Lopez asks the Court to enter the proposed protective order attached as Exhibit A to this Response.

Respectfully submitted,

/s/ MiAngel Cody
MIANGEL CODY
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605
*Counsel for Vivianna Lopez*

## **CERTIFICATE OF SERVICE**

The undersigned, MiAngel Cody, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

### **DEFENDANT VIVIANNA LOPEZ'S RESPONSE TO THE GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on July 12, 2021, to counsel/parties that are non-ECF filers.

/s/ MiAngel Cody
MIANGEL CODY
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605
*Counsel for Vivianna Lopez*

# EXHIBIT A: DEFENDANTS' PROPOSED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

VIVIANNA LOPEZ, et al.

No. 21 CR 371

Judge Matthew F. Kennelly

**PROTECTIVE ORDER GOVERNING DISCOVERY**

This matter coming before the Court, and the Court being fully advised pursuant to

Fed. R. Crim. P. 16(d) and Title 18 United States Code, Section 3771, it is hereby ORDERED:

1.      The materials exchanged in connection with this matter – whether supplied by

the United States, the defendant, or a third party – may contain particularly sensitive information

("Sensitive Information"). Sensitive Information includes, but is not limited to: (1) nonparty

names, addresses, dates of birth, driver's license numbers, social security numbers, and other

identifying information; (2) the addresses, dates of birth, driver's license numbers, social security

numbers, and other identifying information of parties or nonparties who are under government's

Witness Protection Program; and (3) nonparty financial information such as materials containing

taxpayer information obtained from the Internal Revenue Service.

2.      All materials containing Sensitive Information (the "Materials") including those

previously produced to defendant in this case are subject to this Protective Order and shall be

plainly marked as sensitive by the government prior to disclosure. The Materials may be used by

defendant and defendant's counsel (defined as counsel of record in the above-captioned case)

8

solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3.      Defendant and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than defendant, counsel for defendant, persons employed to assist the defense, the person to whom the sensitive information solely and directly pertains, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

4.      Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

5.      Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

6.      Defendant, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the Materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

7.      Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other

than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

8.     Before providing materials containing sensitive information to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

9.     Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

10.     To the extent that any Sensitive Information is produced by the United States to defendant or defendant's counsel by mistake, or is produced by the defendant to the United States by mistake, the producing party shall have the right to request the return of the material and shall do so in writing.  Within five days of the receipt of such a request, defendant and/or defendant's counsel or the government shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

11.     The restrictions set forth in this Order do not apply to discovery materials that do not contain sensitive information, documents that are or become part of the public court

record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 1 above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
MATTHEW F. KENNELLY
District Court Judge
United States District Court
Northern District of Illinois

Date: _____

11

# EXHIBIT B: GOVERNMENT'S PROPOSED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

VIVIANNA LOPEZ, et al.

No. 21 CR 371

Judge Matthew F. Kennelly

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1.      All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants and defendants= counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      Defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3.     Any materials containing taxpayer information obtained from the Internal Revenue Service shall be plainly marked as such by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, defendants= counsel, persons employed to assist the defense, or the taxpayer on whose behalf such information was provided to the Internal Revenue Service, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, taxpayer information obtained from the Internal Revenue Service shall not be included in any public filing with the Court, and instead shall be submitted under seal (this Order does not, however, prohibit a defendant from making a public filing containing the defendant's own taxpayer information).

4.     Certain additional materials disclosed or to be disclosed by the government contain particularly sensitive information, including financial information of one or more persons other than the defendant to whom the information is disclosed. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be

2

submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

5.      Defendants, defendants= counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6.      Defendants, defendants= counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

8.      Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be

3

disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any material is produced by the United States to defendants or defendants= counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses the contents of taxpayer information obtained from the Internal Revenue Service (other than taxpayer information relating solely to the defendant filing the document in question) or specially identified sensitive information as described in Paragraph 4, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

11.      Nothing contained in this Order shall preclude any party from applying

to this Court for further relief or for modification of any provision hereof.

ENTER:

_____

MATTHEW F. KENNELLY
District Court Judge
United States District Court
Northern District of Illinois

Date: _____

5