IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VIVIANNA LOPEZ, et al. | No. 21 CR 371<br><br>Judge Matthew F. Kennelly |

**DEFENDANT VIVIANNA LOPEZ'S
MOTION TO COMPEL DISCOVERY CONCERNING WHETHER THE
<u>GOVERNMENT BREACHED ITS IMMUNITY AGREEMENT</u>**

> PROSECUTOR: *Was your wife ever charged
> with collecting drug debts?*
>
> PEDRO FLORES: *No, she was given
> immunity.*
>
> – Sworn testimony of Pedro Flores at the El Chapo Trial

Immunity, whether express or implied, is a promise delivered with contractual force. Defendant VIVIANNA LOPEZ, by TDC LAW OFFICE and its attorney, MIANGEL C. CODY, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution of the United States, respectfully submits the following Motion to Compel Discovery. Defendant Lopez's discovery requests are critical and necessary to the defense's investigation and preparation for trial. In support of this Motion, we state as follows:

1

## **THE EL CHAPO TRIAL TESTIMONY**

Defendant Vivianna Lopez is the wife of Pedro Flores.[1] Beginning in 2008, Mr. Flores worked as a confidential government informant for several years.[2] As part of his cooperation, Mr. Flores recorded more than 70 conversations with various Mexican cartel members, many of which were associated with seizures of drugs or money in United States facilitated by Flores and his twin brother. Mr. Flores also testified at a number of grand jury proceedings and trials.

In November 2018 in the Eastern District of New York, trial commenced for Joaquin Guzman Loera, who is commonly referred to as "El Chapo" and the reputed leader of the Sinaloa Cartel. After years of interviews and trial preparation, Pedro Flores testified on behalf of the prosecution at the El Chapo trial.[3] Mr. Flores's direct examination began on December 18, 2018. On direct, the government elicited the following testimony from Flores:

> PROSECUTOR: Was your wife ever charged with collecting drug debts?
>
> PEDRO FLORES: No, she was given immunity.
> . . .
> PROSECUTOR: Now, from the outset, when you were asked by the agents, prosecutors, did you acknowledge the roles that your immediate family had played in collecting the drug debt?

---

[1] Pedro Flores is identified as Individual A in the instant Indictment.

[2] The following facts concerning Mr. Flores's extensive cooperation are taken from the government's public filings in *United States v. Flores*, 09 CR 383 (N.D. Ill).

[3] The government tendered some discovery in this case on October 29, 2021. Perplexingly, the discovery received thus far suggests its investigation of Ms. Lopez and her co-defendants was well under way in the months leading up to when Mr. Flores testified in the El Chapo trial on December 18, 2018. For instance, the government interviewed witnesses in May 2018, issued subpoenas in June 2018, and conducted surveillance in July 2018. These investigative steps appear to have occurred notwithstanding the government's immunity promise.

>PEDRO FLORES: Yes.

On cross examination, defense counsel for Mr. Guzman-Loera again asked cooperating witness Pedro Flores about whether his wife received prosecutorial immunity, notwithstanding her alleged involvement in collecting and hiding drug proceeds.

>EL CHAPO DEFENSE COUNSEL: Your wife never got charged with it, did she?
>
>PEDRO FLORES: No. She received immunity.

*United States v. Joaquin Guzman Loera*, 1:09 CR 466, ECF No. 638 at 3540, 3718 (S.D. NY). At no time during the El Chapo trial did the government object, interrupt or indicate Mr. Flores's testimony about his wife's immunity was untruthful.

Viviana Lopez was indicted on June 9, 2021. Ms. Lopez is charged with money laundering and conspiring to commit money laundering, in violation of Title 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and 2. Specifically, the government charges that "beginning no later than in or about December 2008, and continuing until at least on or about March 11, 2020," Ms. Lopez and various family members collected and stored drug proceeds from the Flores drug trafficking organization. The government's indictment is an odd turn of events that compromises the safety of Ms. Lopez and her family.[4]

---

[4] Mr. Flores's cooperation came at a steep price. The threats to Mr. Flores's family, including his wife Vivianna Lopez and their children, are real. For instance, Mr. Flores's father was brutally murdered in Spring 2009 – after Mr. Flores began cooperating and his cooperation became public. That murder was the subject of a Chicago Tribune article: *Prosecutors: Brothers' Cooperation Against Cartels Led to Their Dad's Death*, Chicago Tribune, Jan. 15, 2015, located at https://www.chicagotribune.com/news/breaking/ct-mexican-cartel-brothers-sentencing-met-20150114-story.html (last accessed: Dec. 20, 2021).

## THE DISCOVERY REQUESTS

"Any agreement [concerning immunity] made by the government must be scrupulously performed and kept."
— *United States v. Lyons,* 670 F.2d 77, 80 (7th Cir.)

There are mutually exclusive possibilities here: Vivianna Lopez received express or tacit immunity, as her husband testified at the El Chapo trial, and the government's indictment of her violates that agreement. Or, Vivianna Lopez did not receive immunity and the government knowingly elicited her husband's perjured testimony at the El Chapo trial. If the latter is true, Ms. Lopez's indictment presents a *Lapue* problem for the government in the El Chapo prosecution, which is currently on appeal. *See e.g. Napue v. People of State of Ill.,* 360 U.S. 264, 272, 79 S. Ct. 1173, 1178–79, 3 L. Ed. 2d 1217 (1959) (holding failure to reveal perjured testimony is constitutional error even if the perjury goes only to witness credibility).

Undersigned counsel finds it difficult to fathom that the Eastern District of New York's United States Attorney's Office would suborn perjury or, at a minimum, elicit untruthful and incredible testimony from Mr. Flores during such a high-profile trial. Indeed, the government has long maintained Pedro Flores's "extraordinary" cooperation amounted to "unparalleled assistance," and that it had immunized those involved with collecting and hiding Flores drug proceeds. The government's sentencing memorandum in Mr. Flores's case states:

> In 2008, Pedro Flores and Margarito Flores voluntarily broke away from their positions in the highest echelons of the cartel world to transform themselves into extraordinary witnesses. Despite great personal risk to themselves and their families, the Flores brothers amassed substantial evidence that directly allowed the government to build cases, which were unprecedented in this district, targeting the leadership structure of two Mexican cartels.
> . . .
> The government went to elaborate lengths to determine whether the Flores

4

> brothers were truthful in the information they provided, **including the immunization of those involved in the pickup and transportation of the money to determine whether any additional funds were being hidden from the government.** The government found no evidence of the existence of additional funds. Without credible evidence to the contrary, and after an exhaustive investigation, the government does not believe that the Flores brothers are hiding assets from the government or this Court.

*United States v. Pedro Flores et al.,* 09 CR 383 (N.D. Ill.), ECF No. 373 (emphasis added). While the government has repeatedly bolstered Mr. Flores as a truthful cooperator, its charges against Ms. Lopez implies the opposite. The government cannot have it both ways.

The government's own sentencing memorandum for Pedro Flores *and* his sworn testimony at the El Chapo trial makes a sufficient threshold showing that there was, at least, a tacit immunity agreement that involved his wife, Vivianna Lopez. Failure to disclose evidence of a tacit or implied immunity agreement can serve as the basis of a *Brady* violation. *See, e.g., Wisehart v. Davis*, 408 F.3d 321, 324 (7th Cir. 2005) ("Express or tacit, either way there would be an agreement, it would be usable for impeachment, and it would have to be disclosed to the defense."); *Bell v. Bell*, 512 F.3d 223, 233 (6th Cir. 2008) ("The existence of a less formal, unwritten or tacit agreement is also subject to *Brady's* disclosure mandate."); *Douglas v. Workman*, 560 F.3d 1156, 1186 (10th Cir. 2009)("Like the majority of our sister circuits, we conclude that *Brady* requires disclosure of tacit agreements between the prosecutor and a witness.")(citing *Bell*, 512 F.3d 223); *United States v. Rodriguez*, 766 F.3d 970, 988 (9th Cir. 2014).

To prepare for June 2022 trial in this case, undersigned counsel has requested discovery pertaining to whether the indictment can go forward or whether the prosecution of Ms. Lopez violates the (tacit or express) immunity her husband testified to under oath.

5

On July 13, 2021, undersigned counsel tendered discovery and preservation requests to Assistant United States Attorneys Erika Csicsila and Andrew Erskine.[5] Specifically, the defense has requested discovery pertaining to immunity agreements that inure to the benefit of defendant Vivianna Lopez. The defense's discovery requests have gone unanswered.

WHEREFORE, Defendant Vivianna Lopez, by and through undersigned counsel, moves the Court to order the government to produce the following:

1. The disclosure of all reports, statements, memoranda or other memorialization pertaining to immunity or nonprosecution agreements for Vivianna Lopez, either written or oral, express or implied, directly or indirectly, at any time and related to any matter investigated or prosecuted by the United States government. This discovery request includes but is not limited to meetings with the United States Attorney's Office for the Northern District of Illinois and the United States Attorney's Office for the Eastern District of New York.

2. The disclosure and documents within the government possession, custody or control that memorialize, describe or pertain to meetings between the government and Vivianna Lopez, Pedro Flores or any other person in which immunity or a declination to prosecute Vivianna Lopez was discussed. This discovery request includes but is not limited to meetings with the United States Attorney's Office for the Northern District of Illinois and the United States Attorney's Office for the Eastern District of New York.

3. Any reports, statements, memoranda or other memorialization of law enforcement or Department of Justice personnel interviews of Vivianna Lopez at any time. This request specifically includes all law enforcement reports, notes, memoranda or otherwise discoverable documents pertaining to interviews, meetings, proffer sessions with Vivianna Lopez conducted or attended by current or former Assistant United States Attorneys Thomas Shakeshaft, Andrew Porter, Michael Ferrara or others.

Respectfully submitted,

/s/ MIANGEL CODY

---

[5] Vivianna Lopez's discovery requests are attached as Exhibit A and incorporated by reference into the record.

TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605
Tel: 312-858-8330

*Counsel for Vivianna Lopez*

# CERTIFICATE OF SERVICE

The undersigned, MiAngel Cody, an attorney hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT VIVIANNA LOPEZ'S
MOTION TO COMPEL DISCOVERY CONCERNING WHETHER THE GOVERNMENT BREACHED ITS IMMUNITY AGREEMENT**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on December 24, 2021, to counsel/parties that are non-ECF filers.

/s/ MiAngel Cody
MIANGEL CODY
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605

*Counsel for Vivianna Lopez*

# EXHIBIT A:
# DISCOVERY REQUESTS OF VIVIANNA LOPEZ



July 14, 2021

Mr. Andrew Erskine, Esq.
Ms. Erika Csicsila, Esq.
Assistant United States Attorneys
219 S. Dearborn St., 5th Floor
Chicago, IL 60604

**RE**: *United States v. Vivianna Lopez, et al.*,
Case No. 21 CR 371

Dear Counsel:

Please accept this letter in lieu of a formal motion for discovery.

At our July 13, 2021 hearing, government's counsel informed the court that discovery in this case is voluminous. As discovery is ongoing, I am asking the government to preserve immediately the originals of any law enforcement handwritten notes of interviews with witnesses who may be called at trial. If you are unable to preserve any such discoverable materials for any reason, please let me know what materials cannot be preserved and why.

In accordance with Federal Rules of Criminal Procedure 16, 7(f), 12(c), and 12(d), and Federal Rules of Evidence, Rules 104, 403, 404, 608 and 609, Ms. Lopez seeks to receive, duplicate, discover and inspect each of the following:

### DISCOVERY

    1.    Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A)-(B); *Bruton v. United States*, 391 U.S. 123 (1967):

    (a)  please provide and permit me to inspect and copy or photograph any written, recorded, or oral statements made by Ms. Lopez at any time to any person which bears on a material triable fact, including but not limited to tapes, transcripts or notes memorializing the words of the defendant to cooperating witnesses, co-defendants, or unindicted co-conspirators;

1325 S. Wabash St., Suite 305, Chicago, Illinois 60607 • tel: (312) 858-8330 • fax: (312) 858-8334

   (b) please provide and permit me to inspect and copy or photograph any statement which the defendant made orally or in writing or which bears the defendant's signature, attestation or the designation of any company or business allegedly controlled by the defendant relating in any way to a report as defined in 31 U.S.C. § 5316(b), which are in the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government,

   (c) please state the names of all individuals who made the written or recorded statements or who were present when the statements were made; please provide all agents' reports containing the substance of such oral statements. This request encompasses Ms. Lopez's statements communicated directly or indirectly to a government agent, to a grand jury, or to anyone else whether made during or after the commission of the crimes charged and whether obtained surreptitiously or voluntarily;

   (d) please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants, and whether any arrests, seizures, or surveillance activities occurred as a result of the applications;

   (e) please provide and permit me to inspect and copy or photograph all reports or memoranda in the possession of the government which memorialize any oral statement which the government intends to offer in evidence at the trial made by the defendant, co-defendants, and/or any indicted or unindicted alleged co-conspirators whether before or after arrest. Please indicate when such statements were made, who was present, whether *Miranda* warnings were given and the names of any individuals to whom these statements were made; the same for any such statements which the government does not intend to introduce, but that may otherwise be discoverable;

  2. Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(B), Federal Rules of Evidence Rules 403, 404, 608 and 609:

   (a) please state whether the government intends to offer evidence of prior or subsequent bad acts of the defendant, and if so, please provide the particulars of those acts including time, date, location of the commission of the acts, a description of the acts, and whether any investigative or court proceedings resulted, and if so, the nature and outcome of those proceedings.

  3. Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(E) and *Payton v. New York*, 445 U.S. 573 (1980), *Mincey v. Arizona*, 437 U.S. 385(1978), *Manson v. Brathwaite*, 432 U.S. 98 (1977), *Chimel v. California*, 395 U.S. 752 (1969), *Simmons v. United States*, 390 U.S. 377 (1968), *United States v. Chadwick*, 532 F.2d 773 (1st Cir. 1976), *aff'd* 433 U.S. 1 (1977), please provide copies of or permit me to inspect and photograph the following:

   (a) all books, papers, monies, United States currency, documents, photographs, drawings, film, videotape, recordings, tangible objects, buildings, places and personal effects taken from the defendant, from the location of her arrest, and any other physical evidence in the possession, custody or control of the government or its agents, which is material to the facts alleged in the charging instrument;

   (b) all United States currency, monies or other currency (whether fiat or electronic currency) delivered by or on behalf of defendant Vivianna Lopez to the United States, law enforcement agents, or government employees;

   (c) all electronic devices, ledgers, inventories, telecommunications devices and electronic records delivered by or on behalf of defendant Vivianna Lopez to the United States, its agents, or employees;

   (d) if any evidence was taken from or belongs to the defendant, please state whether it was taken pursuant to a warrant. Please attach copies of all such warrants, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures;

   (e) if any evidence obtained was taken from or belongs to the defendant and was not taken pursuant to a warrant, please provide the names of all la enforcement officers involved, the decision-making chain of command, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure;

   (f) please specify the exact location where each item was allegedly seized;

   (g) if, during the course of the investigation of this matter or related matters, the defendant's photograph, likeness, or image was exhibited to anyone not then employed by a law enforcement agency, please state the date, time and place of each occurrence, a description of the identification procedure used, and the names of all persons including counsel who were present;

  4. Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(F): please provide copiesor permit me to inspect and copy the results or reports of any laboratory or scientific tests and experiments or computer analyses, including physical or mental examinations and reports thereof, in the possession or control of the government or its agents, the existence of which is known or, by due diligence, could become known to the government. Please provide a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

  5. Pursuant to *United States v. Giglio*, 405 U.S. 150 (1972), *Napue v. Illinois*, 360

U.S. 264 (1959) and Federal Rules of Evidence, Rules 608 and 609, please provide:

(a) a list of witnesses the government intends to call at trial, including the names and addresses of all persons said to have been present at or to have personal knowledge of any statements or actions of the defendant and their addresses, agency affiliation (if relevant) and criminal record, if any;

(b) copies of prior statements of witnesses or reports of agents related to the events alleged in the charging document in this case;

(c) the names and addresses of any person present during any part of the commission of any of the acts alleged in the indictment whom the government does not intend to call as a witness;

(d) copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

(e) all records, notes, and memoranda of any non-prosecution agreement, whether oral or written, made between the government or its agents and Ms. Vivianna Lopez pertaining to matters and facts alleged in the charging instrument of this case.

6. Pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Giglio*, 405 U.S. 150 (1972), *Napue v. Illinois*, 360 U.S. 264 (1959), *McCray v. Illinois*, 386 U.S. 300 (1967), *United States v. Turbide*, 558 F.2d 1053 (1977), please state:

(a) whether any government informant is alleged to have participated in any of the acts alleged in the indictment, and the names and addresses of any such persons;

(b) whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any such persons;

(c) whether any government informant has provided any information which led to the investigation or arrest of the defendant;

(d) if the answer to (a), (b) or (c) above is "yes", please state:

i. whether the informant was registered or not;

ii. whether the informant has worked for the government in the past;

iii. whether the informant has a prior criminal record and if so, provide it;

      iv. whether the informant received any compensation for his or her cooperation and if so, how much;

      v. whether the informant has any pending investigations or cases anywhere, and if so, whether any assistance or consideration was offered, could be offered or is intended by the government to be offered on behalf of the informant with respect to any pending case the informant has;

    (e) whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of evidence, and if so, please make that person available for an *in camera* inspection by the court; and

    (f) copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

    7.    Pursuant to 18 U.S.C. § 2703(D); 18 U.S.C. §§ 3122, 3123: please provide all records or materials concerning cached emails or other electronic communications which were acquired by the government from defendant, Individual A (Ms. Lopez's husband), indicted or unindicted co-conspirators or any third party in connection with this case. This includes, but is not limited to, wire or electronic communications that are stored or archived in an electronic communications system. Please provide copies of all applications, orders, warrants, and "(d) subpoenas" that were prepared in connection with the events alleged in the charging document in this case;

    (a) please provide all records or materials concerning IP (Internet Protocol) addresses of websites the defendant visited and the to/from addresses of the defendant's emails which the government obtained through the use of a pen register. Please provide copies of any applications, orders, warrants, and subpoenas that were prepared in connection with the events alleged in the charging document in this case;

    (b) in addition, please provide all records or materials concerning the full Uniform Resource Locators (URLs, or web addresses) visited by the defendant, and the total volume of information transmitted to or from the defendant's account which the government has obtained in relation to this case;

    (c) please provide all records and materials concerning "post-cut- through dialed digits," which include any numbers dialed after a call is initially routed, obtained using a pen register or a trap and trace device which the government has obtained in relation to this case. This includes information from a pen register, which records the numbers dialed for outgoing calls from the target phone, as well as information from a trap

and trace device, which captures the numbers of calls made to the target phone. Please provide copies of any applications, orders, warrants, and subpoenas that were prepared in connection with this case;

      (d) please provide all records and materials concerning real-time and historical cell phone location tracking which the government has obtained in relation to the events alleged in the charging document in this case. This "cell-site data" includes, but is not limited to, the location of the cell site/sector (physical addresses) at call origination (for outbound calling), at call termination (for incoming calls), and during the progress of the call, for the subject telephone.

      (e) please provide all other material that was obtained as a result of digital searches and seizures, whether with or without a warrant or subpoena.

    8.    Pursuant to *United States v. Marquez*, 686 F. Supp. 1354, 1358 (N.D. Ill. 1988), please provide:

      (a) the dates, means used and circumstances of all surveillance of the defendant, and of all surveillance of conversations, meetings or activities to which the defendant was a party, whether or not the surveillance was directed to the defendant by the government or any of its agents, special employees, or any other persons acting at their behest and authority, whether express or implied;

      (b) the dates, means used, and complete circumstances of all surveillance of the defendant's home, place of business, or other property owned by the defendant, whether or not the defendant was observed during the surveillance by the government or any of its agents, special employees, or any other persons acting at their behest and authority, whether express or implied;

      (c) the existence of all recordings, documents, notes, memoranda, summaries, tapes, discs, logs or any other stored information, relating to such surveillance, and with regard thereto to give:

         i. the name or other means of identifying each such recording, document, etc.;

         ii. a description of the content of each such recording, document, etc.;

         iii. the location of each such recording, document, etc.;

      (d) any documents related to the use of any location tracking technology, including but not limited to cellsite simulators or digital analyzers such as devices known as Stingray, Triggerfish, Dirtboxes, AmberJack, KingFish or

Loggerhead; and all recordings, documents, notes, memoranda, summaries, tapes, discs, or any other stored information, relating to such surveillance used during or in relation to the charged offense.

## BRADY REQUESTS

Pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the Constitution of the United States, and the principles enunciated in *United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976); and *Brady v. Maryland*, 373 U.S. 83 (1963), please disclose any and all evidence or information known to the government or in its possession, custody, or control or that, by the exercise of due diligence may become known, that is favorable to Defendant Vivianna Lopez or material to the issues of her guilt, innocence, punishment or sentencing, or which bears upon the credibility of any government witness. This is a standing *Brady* request for such materials throughout the pendency of the case. This request includes, but is not limited to the following:

1. Any evidence that is favorable or exculpatory to Defendant or could create a reasonable doubt as to any element of the offense and as to her guilt, including any evidence tending to show the Defendant did not commit the acts alleged in the indictment, did not commit the acts at the time they are alleged to have occurred in the charging instrument, or committed the acts in some manner other than in the manner alleged.

2. Any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of or favorable to the defendant, or which is inconsistent with any fact the government alleges or any element of the offenses charged in the indictment;

3. Copies of any statements or the substance of any oral statements made at any time by the defendant in which he/she refused to participate in the acts alleged;

4. State whether any prospective government witness has a criminal record; if so, please provide a copy of the arrests record including any state "rap sheet" and the F.B.I. record; if there is a record, please provide it one month prior to trial so that supporting documents can be subpoenaed; in addition please disclose whether the witness has committed a prior bad act which did not result in a conviction;

5. All grants of immunity, favors, non-prosecution agreements, promised recommendations for sentence reduction, leniency or other promises of any kind, made to any witness in connection with obtaining her or her testimony or assistance. This includes any plea agreement entered into between the

government and the witness, as a result of which the witness is testifying against the Defendant in this case, or on behalf of the government at any other trial, grand jury or other proceedings, or is otherwise furnishing information to the government. Also requested are any requests for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis for said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set forth in the indictment. This request specifically includes any of the aforementioned information concerning government informants utilized in this case. This disclosure request includes any offers of immunity and/or declination to prosecute made to Defendant Vivianna Lopez, either written or oral, at any time and related to any matter investigated or prosecuted by the United States government.

6. Any assistance, financial or otherwise, provided by any attorney or agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state or local government. This request specifically includes such assistance provided on behalf of government informants in this case.

7. The criminal identification and history sheet of each potential government witness, including the criminal identification and history sheet of government informants in this case, as well as anyone who participated in the investigation of the conduct alleged in the indictment and as set forth in the discovery.

8. Any criminal charges pending against any potential government witness, or anyone involved in the investigation of the conduct alleged in the indictment, which have not been disposed of either by conviction or acquittal, including any such information with respect to government informants utilized in this case.

9. Any criminal activity in which a potential government witness, or anyone involved in the investigation of the conduct alleged in the indictment and set forth in the discovery, has engaged which has not resulted in prosecution or conviction, including informants utilized by the government in this case.

10. All mental, psychiatric, alcoholism or drug abuse and dependency records, including personnel and disciplinary records, of any individual who authored reports, memoranda or documents that the government intends to use in its case-in-chief or rebuttal. Such reports relate to said individual's ability to be truthful, accurate, credible, forthright and honest as a witness and to know, hear, see, tell and relate facts which occur in their presence. This request specifically includes any such information concerning the government informants utilized in

    this case, law enforcement personnel and current or former employees of the Department of Justice.

11. All mental, psychiatric, alcoholism or drug abuse and dependency records of any individual who are intended to be called as witnesses insofar as said reports relate to said individual's ability to be truthful, accurate, credible, forthright and honest as a witness and to know, hear, see, tell and relate facts which occur in their presence. This request seeks discoverable evidence that is in the possession, custody or control or is known to the government or may become so known with the exercise of due diligence on the part of the government. This request specifically includes any such information concerning the government informants utilized in this case, law enforcement personnel and current or former employees of the Department of Justice.

12. All handwritten notes, made contemporaneously or otherwise, memoranda, correspondence, transcripts, statements or other documents pertaining to persons interviewed by the government (whether in this case or any prior or related investigation or prosecution) who claimed to have knowledge or information concerning the allegations set forth in the indictment, in which the witness or interviewee stated in substance that he or she was unaware of the Defendant's involvement in the allegations set forth in the indictment, or that the activities in which the Defendant is alleged to have participated did not take place, or occurred contrary to the government's theory of the case.

13. All evidence, reports, subpoena results, forensic analyses, memoranda concerning monetary payments from Individual A (the defendant's husband) directly or indirectly to Vivianna Lopez at any time. This request includes, but is not limited to evidence retrieved or retrievable from electronic devices, telephones, Blackberry devices, written or electronic ledgers, and email stored files. This request seeks evidence in the government's possession, custody, or control, the existence of which is known, or by the exercise of reasonable diligence may become known, whether such evidence arose in this case or any prior or related investigation or prosecution.

14. Any reports, memoranda or other documents pertaining to monetary payments from Individual A directly or indirectly to Vivianna Lopez.

15. Any reports, statements, memoranda or other memorialization of law enforcement or Department of Justice personnel interviews of Vivianna Lopez at any time. This request specifically includes all law enforcement reports, notes, memoranda or otherwise discoverable documents pertaining to interviews, meetings, proffer sessions with Vivianna Lopez conducted or attended by current or former Assistant United States Attorneys Thomas

    Shakeshaft, Andrew Porter, Michael Ferrara or others.

16. Any reports, memoranda or other memorialization concerning any informant involved in this charged offense, which reflect that said informant has also previously been involved in prior investigations that involve similar allegations as the instant offense. This request specifically includes anything material, relevant or favorable contained in the informants' or witnesses' personnel files in the possession of the government.

17. Copies of any reports of mental illness, drug use, illicit substance use, alcoholism, or any medical condition which would affect the ability to observe or remember a material fact of any prospective government witness, informant, law enforcement officer or any person with information favorable to the defendant; this request includes records, files, documents (whether written or oral) pertaining to any current or former employee of the Department of Justice who investigated or prosecuted matters relating to the events alleged in the charging instrument, including the prosecution of Individual A (Defendant Vivianna Lopez's husband).

18. Reports of any statement by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location.

19. Electronic communications between law enforcement, the prosecution team, and/or witnesses containing favorable evidence such as factual information obtained during interviews or interactions with witnesses (including victims), potential witnesses, experts, informants, or cooperators; factual information about investigative activity; factual information or opinions relating to the credibility or bias of witnesses, informants and potential witnesses;

    (a) As used in this request, the term "e-communications" includes emails, text messages, SMS (short message service), instant messages, voice mail, pin-to-pin communications, social networking sites, bulletin boards, blogs, and similar means of electronic communication.

    (b) This request does not seek "privileged communications" such as attorney-client privileged communications, attorney work product communications, and deliberative process privileged communications. This request does not seek "protected communications" such as those covered by F.R.Crim.P. 16(a)(2).

  (c) Ms. Lopez acknowledges that protected and privileged communications are not discoverable so long as any discoverable facts contained in them are otherwise disclosed and produced in discovery.

20. Any other information about any prospective witness, law enforcement agent, or informant that impeaches their credibility by demonstrating interest, motives, prejudices, hostilities, means for obtaining knowledge or associations.

 And finally, to the extent that any specific physical evidence, documents, or other materials in relation to the foregoing discovery requests have been lost or destroyed, please identify the material, indicate the date the material was lost or destroyed, when the government became aware that the material was lost or destroyed and explain how and why the loss or destruction occured.

 Thank you for your attention to this matter.

           Very truly yours,

           /s/

           MiAngel Cody, Esq.
           *Counsel for Vivianna Lopez*

cc: Hon. Matthew Kennelly
   Clerk of Court
   File
   Ms. Vivianna Lopez