UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VIVIANNA LOPEZ | No. 21 CR 371-1<br><br>Judge Matthew F. Kennelly |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

Defendant Vivianna Lopez has moved the Court to compel the government to produce records relating to immunity or nonprosecution agreements for Ms. Lopez. The Court should deny the motion as moot because the government possesses no discoverable materials responsive to defendant's request.

The government has reviewed the case file for any responsive materials. The government has produced DEA reports documenting two proffer interviews—in 2010 and 2011, respectively—that Ms. Lopez participated in. The government has also produced copies of the proffer agreements the government previously provided to Ms. Lopez's past counsel. At Ms. Lopez's request, the government also obtained and produced copies of the notes from the trial preparation meetings of Pedro Flores—the husband of Ms. Lopez who testified at the trial of Joaquin Guzman a/k/a "El Chapo."[1]

[1] These materials contained no discussion of any promises of immunity or nonprosecution agreements.

Other than the items described above, however, the case file contains no responsive discoverable materials. For example, the government possesses no immunity letter relating to Ms. Lopez, no order from the court granting Ms. Lopez immunity, and no nonprosecution agreement pertaining to Ms. Lopez.[2] The government likewise possesses no agency reports reflecting agreements or promises to give Ms. Lopez immunity.[3]

In short, Ms. Lopez did not receive immunity from the United States, nor did the United States enter into a nonprosecution agreement for the benefit of Ms. Lopez. What's more, Ms. Lopez's motion to compel does not even claim that she received immunity. Surely, if Ms. Lopez had received some form of immunity from the United States, she would have a record of that fact.[4]

Accordingly, the government respectfully requests that Ms. Lopez's motion to compel be denied.

---

[2] The case file did contain immunity-related materials for a different person who has not been charged in this case.

[3] The case file did contain a pertinent internal, attorney-work product memorandum from 2011. This internal memorandum is covered by the deliberative process privilege and is not discoverable. *See, e.g.*, *In re United States*, 398 F.3d 615, 618 (7th Cir. 2005) (per curiam). However, without waiving this privilege as to the memorandum's content, the government represents that the memorandum does not state that Ms. Lopez had or would receive immunity, or that the government had entered, or would enter, into a nonprosecution agreement for her benefit.

[4] It bears noting that even if Ms. Lopez had received immunity in the past, it would not have authorized future criminal conduct such as the conduct charged in the indictment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
ERIKA L. CSICSILA
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-1875

Dated: February 7, 2022