IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 371 |
| v. | |
| VIVIANNA LOPEZ, et al. | Judge Matthew F. Kennelly |

## DEFENDANT VIVIANNA LOPEZ'S
## REPLY IN SUPPORT OF HER MOTION TO COMPEL

The government concedes that it elicited perjured testimony from its star witness in the El Chapo trial. We are in odd territory. Accordingly, Defendant VIVIANNA LOPEZ, by her attorney, MIANGEL C. CODY, requests an evidentiary hearing on the matters raised in her Motion to Compel. In further support of the relief requested, we state as follows:

1.       The government takes the surprising position in its response that: "Ms. Lopez did not receive immunity from the United States, nor did the United States enter into a nonprosecution agreement for the benefit of Ms. Lopez." The government does not even attempt to explain why it elicited precisely the contrary during Mr. Flores's testimony in the El Chapo trial.

2.       As a threshold matter, the government contends "Ms. Lopez's motion to compel does not even claim that she received immunity." At this stage, undersigned counsel has an ethical obligation to conduct her defense investigation to determine whether there is a credible basis for a motion to dismiss.  Counsel is simply following the facts where they lead.

Counsel has been asking for this discovery since July 2021. More to the point, Ms. Lopez absolutely contends that there is an enforceable nonprosecution agreement in this case. Ms. Lopez's motion is not a speculative fishing expedition. Her belief that she has immunity is based upon sworn testimony that the government itself presented during its direct examination in the El Chapo trial.

3.     The government offers a myopic interpretation of immunity. It argues that no enforceable nonprosecution agreement can exist unless the terms are reduced to writing and Ms. Lopez must produce a paper contract. Tellingly, the government cites no caselaw to support its argument. Indeed, "courts have considered unwritten immunity agreements in the past." *See United States v. Nersesian,* 824 F.2d 1294, 1320 (2d Cir.1987); *United States v. Heatley,* 39 F.Supp.2d 287, 299 (S.D.N.Y.1998).

4.     The government's response also contradicts the position it has taken in other cases. In prior precedents, "the government [did] not contest that prosecutors may enter into informal immunity agreements with [putative] criminal defendants." *United States v. Thompson,* 25 F.3d 1558, 1562 (11th Cir. 1994); *see also United States v. Weaver,* 905 F.2d 1466, 1472 (11th Cir.1990); *United States v. Harvey,* 869 F.2d 1439, 1444 (11th Cir.1989).

5.     Whether the agreement is written or oral, the "court must determine what the parties reasonably understood to be its terms, including intended remedies in the event of a breach." *United States v. Aluzzo,* 943 F.Supp. 243, 245 (E.D.N.Y.1996). In doing so, the Court must be attentive to the fact that the state shoulders the "burden of any lack of clarity in [the] agreement, and [that] ambiguities are to be resolved in favor of defendant." *United States v. Pelletier,* 898 F.2d 297, 302 (2d Cir. 1990).

6.    At a minimum, the deal was struck when, in the presence of a federal judge and jury, the government elicited sworn testimony that Ms. Lopez had immunity. The deal was further cemented when the government failed to correct any notion that Mr. Flores's testimony was untruthful when El Chapo's lawyer again confirmed his wife received immunity during the cross examination.

7.    Most importantly, we know Mr. Flores's testimony was truthful because the government said so – in writing – after the El Chapo trial concluded. In a letter dated March 20, 2019, E.D. of NY Assistant United States Attorney Adam Fels submitted a letter to his counterpart in the Northern District of Illinois.[1] That letter summarized Mr. Flores's cooperation and indicated Mr. Flores's testimony in the El Chapo trial was so significant and truthful that he should receive a further reduction to his 14-year sentence. The government's March 20, 2019 letter was a unequivocal endorsement of the veracity of Mr. Flores's testimony, including the assertion that his wife received immunity.

8.    The bottom line is that the government elicited testimony during the El Chapo trial that Ms. Lopez received immunity. And, the government later affirmed the veracity of that testimony in a written communication to our district's US Attorney's office. The government does not dispute these facts in its response.

9.    Furthermore, the government's terse three-page response fails to appreciate the serious *Brady* consequences of Ms. Lopez's discovery request. <u>All of the money laundering transactions contained in the indictment occurred after the December 2018 El</u>

---

[1] *See United States v. Joaquin Guzman Loera*, 1:09 CR 466, ECF No. 662 at 2 (E.D. NY).

Chapo trial, where the government elicited sworn testimony that Ms. Lopez received immunity. Why would she need to conceal something for which the government had already said she would not be punished? The intent to conceal goes to the *mens rea* element that the government must prove to secure a money laundering conviction. Here, whether there was an oral nonprosecution agreement goes directly to whether the government can establish a necessary element of the charged offense beyond a reasonable doubt. Ms. Lopez is entitled to discover evidence concerning the circumstances in which this testimony arose.

10.     Mr. Flores's sworn testimony establishes a *prima facie* showing that there exists, at the very least, an oral non-prosecution agreement in this case. Principals of estoppel apply in this context. The government's indictment of Ms. Lopez violates that agreement and her constitutional right to due process. The government is playing a disingenuous game.

Respectfully submitted,

/s/

MIANGEL CODY
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605
Tel: 312-858-8330

*Counsel for Vivianna Lopez*

## CERTIFICATE OF SERVICE

The undersigned, MiAngel Cody, an attorney hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

### DEFENDANT VIVIANNA LOPEZ'S
### REPLY IN SUPPORT OF HER MOTION TO COMPEL

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on February 7, 2022, to counsel/parties that are non-ECF filers.

/s/ MiAngel Cody
MIANGEL CODY
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605

*Counsel for Vivianna Lopez*

5