IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO

| | |
|---|---|
| VIVIANNA LOPEZ ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CRIM. NO. 21-371 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | FILED |
| ) | |
| Respondent ) | FEB 27 2024 AXH |

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PETITION AND MEMORANDUM IN SUPPORT OF PETITION FOR RELIEF UNDER THE FIRST STEP ACT

NOW COMES, your Petitioner in the instant case, pro se, who respectfully files for leave to file this Petition and Memorandum in Support of said Petition for relief, pursuant to 18 U.S.C. § 3582(c)(1)(A), and the United States Sentencing Guidelines for 2023, and in support thereof, states as follows:

## STATEMENT OF JURISDICTION

This United States District Court for the Northern District of Illinois has jurisdiction over all offenses against the criminal laws of the United States which take place in that district, under 18 U.S.C. Section 3231, 21 U.S.C. Section 41(a)(1)(b)(1)(A), 21 U.S.C. Section 846.

1

## PROCEDURAL HISTORY

Petitioner was indicted in 2021, and charged with and pled guilty to a violation of MONEY LAUNDERING - CONTROLLED SUBSTANCE - SELL/DISTR/DISP. The Petitioner pleaded guilty to count one (1) of the indictment, and was committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: forty-two (42) months, and a supervised release period of three years. Petitioner did not file a direct appeal, or any other motions directed to the verdict. Petitioner now files for relief under the 2023 United States Sentencing Guidelines, given retroactive effect, effective February 1, 2024.

## STATEMENT OF FACTS

Petitioner, who is 43 years old, is currently incarcerated at FCI Aliceville, and is scheduled for release in September of 2026. Petitioner is a non-violent, offender, who had no criminal justice points at the time that she committed the current offense. As a result, Petitioner qualifies for relief under the 2023 United States Sentencing Guidelines, as "Zero Points" offender.

## THE 2023 SENTENCING GUIDELINES PROVIDED FOR RETROACTIVE REDUCTIONS FOR INDIVIDUALS WHO HAD "ZERO POINTS" AT THE TIME OF THEIR CURRENT OFFENSE

The Sentencing Commission promulgated Amendment 821, effective November 1,

2

2023, whereby the Commission eliminated status points for defendants with fewer than 7 criminal history points, and reduced the number of status points from 2 to 1 for defendants with 7 or more criminal history points. U.S.S.G. § 4A1.1(e). This portion of Amendment 821 applies retroactively, but a court's reduction cannot take effect until February 1, 2024.

In U.S.S.G. § 1B1.10, the Commission has articulated the proper procedure for implementing retroactive amendments. Specifically, a defendant is eligible for a sentence reduction if Amendment 821 lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the now-amended range.

Even if a defendant is eligible, a district court has the discretion to deny a reduction after considering the 18 U.S.C. § 3553(a) sentencing factors. These zero-point offenders include those with no prior convictions or those whose prior convictions do not contribute to criminal history points. Essentially, this adjustment recognizes that not all zero-point offenders are the same and allows judges to consider unique circumstances in sentencing.

It is uncontroverted that Petitioner had no criminal history points at the time of the current offense, and thus is entitled to a reduction based upon that new Guideline change, which is retroactive in application. www.ussc.gov.

## THE COURT HAS AUTHORITY UNDER THE FIRST STEP ACT TO RESENTENCE PETITIONER BASED UPON THE 3582 FACTORS

The First Step Act gives sentencing courts broad authority to impose reduced

sentences. See United States v. Sutton, 2020 WL 3428076, *1 (7th Cir. June 23, 2020)("[T]he only limits on the district court's authority under the First Step Act come from the interpretation of the First Step Act itself."). A sentence reduction is warranted not only due to the circumstances set forth herein, but also because Petitioner has strived to improve throughout the lengthy custodial sentence.

Petitioner also respectfully asks the Court to take into account the physical and psychological toll incarceration has taken on Petitioner and other prisoners in the federal system. Petitioner, although she has camp points, and no criminal justice points, was transferred far from her family to an FCI, known for suicides, rampant use of drugs, and inferior medical care. Petitioner has had to deal with suspension of many prison programs, difficulty in accessing basic health care, lack of educational opportunities, constant lockdowns, minimal family interaction, and other hardships. See: United States v. Kibble, 992 F. 3d 326, 335 (4th Cir. 2021) which argues that the sentencing factors should be considered differently as a result of the pandemic.

Where a statute places no restriction on the factors a court may consider in imposing a reduced sentence, the court may consider all relevant § 3553(a) factors, including post-sentencing rehabilitation. See Pepper v. United States, 131 S. Ct. 1229, 1243, 1249 (2011); See also United State v. Shaw, 2020 U.S. Ap. LEXIS 13549, *15 (7th Cir. 2020). Moreover, as the Court found in Pepper, there is no congressional policy to prohibit courts' consideration of post sentencing rehabilitation in any context, including at resentencing after reversal on appeal, or "re-sentencings that occur for [other] reasons." Pepper, 131 S. Ct. at 1246. When the Court imposes a sentence, the Court is to consider the factors laid out in 18 U.S.C. § 3553(a). Specifically, "[t]he court shall impose a

4

sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. 3553(a). The Court: [S]hall consider . . . (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 18 U.S.C. §§ 3553(a)(1), (2).

Additionally, in the case of Concepcion v U.S., 20–1650, (June, 2022) the court held, " The question in this case is whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion. The Court holds that they may. "

## CONCLUSION

As previously set forth, Petitioner is entitled to consideration for sentence relief, and Defendant/Petitioner respectfully moves this Honorable Court grant this Petition to grant him relief pursuant to Amendment 821, and appoint counsel to represent Petitioner in subsequent proceedings, and all other relief that this Honorable Court deems just.

Respectfully Submitted,

By: _____

5

## PROOF OF SERVICE

Petitioner, on oath, states that Petitioner caused to be mailed on February 15, 2024, via U.S. mail through the prison mail system, a true and correct copy of this Petition, to all parties entitled to notice herein.

_____




UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

PRESS FIRMLY TO SEAL

TRACKED • INSURED

FL ONE PE

USPS TRACKING #
9114 9023 0722 4033 1740 60

EP14F July 2022
OD: 12 1/2 x 9 1/2



- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See for availability and limitations of coverage.

RECEIVED
FEB 21 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FROM:
Vivianna Lopez
50572-509
FCI Aliceville
PO Box 4000
Aliceville, AL
35442

TO:
USDC-ND-IL
Chicago
219 S. Dearborn
Chic., IL
60604



USA 9.85 — Pillars of Creation

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.